The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Building Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on several questions involving the assessment and collection of taxes on real property that is sold by veteran who is exempt from payment of taxes on the homestead under Arkansas Code of 1987 Annotated26-3-306. Your questions have been restated and answered in the order presented:
 (1) What procedures should be followed when exempt property is sold to a non-exempt person during the tax year?
A.C.A. 26-26-1107 states in pertinent part as follows under section (a):
 All lands that shall have been purchased from owners, the property of whom or which was by law exempt, all new improvements over the actual value of one hundred dollars ($100.00), and all town or city lots as may have been platted, as the case may be, subsequent to January 1 of any hear shall be subject to assessment and taxation for the year immediately following the purchase, improvement or platting.
This statute is clear in providing that tax exempt property which is sold during the year is not subject to assessment and taxation until January 1, for the year immediately following the sale. It was included in Opinion Number 81-22, a copy of which is enclosed [EDITORS' NOTE: Opinion 81-22 was not attached.], that ". . . the manner in which real property taxes are assessed and collected depends upon the status of the property as of the first day of January."
 (2) If the exempt veteran has been exempted from paying homestead and personal property taxes on his home for a particular year then in the later part of that year he sells his home and purchases a different one can he be exempt from paying taxes on that new home for that same year as well?
It is my opinion that the answer to this question is no. This issue was addressed in Opinion No. 81-22, which stated:
 If the property was taxable as of January 1, 1979, the correct manner in which to proceed is for the taxes to be assessed for the entire year, without regard to a change in the status during the year.
(3) Should the tax be prorated by the Collector?
It is my opinion that the answer to this question is no. As noted in Opinion No. 81-22:
 Arkansas law does not contain a provision which would allow taxes to be assessed only for the portion of a year in which a taxable organization holds the property.
(4) Should an exempt veteran assess his property yearly?
It was concluded in Opinion Number 84-13, a copy of which is enclosed [EDITORS' NOTE: Opinion 84-13 was not attached.], that the disabled veteran must assess his property and sign the necessary exemption forms each year. The answer to this question, therefore, is yes.
 (5) If an exempt veteran fails to assess may he be penalized the 10% for delinquent assessment under Ark. Stat. Ann. Section 84-438? (26-26-201)
The ten percent (10%) penalty set forth under Ark. Stat. Ann. 84-438, now codified as A.C.A. 26-26-201 (Supp. 1987) applies to "all taxes due on all persons and property delinquent in assessment." It thus appears that the exempt veteran may be subject to the 10% penalty, to the extent any taxes are due. A.C.A. 26-26-201 should also be noted in this regard. It states as follows:
It shall be unlawful for any person to refuse to give the assessor or the appointed deputy his name and a complete and accurate description of his personal and real property, together with the location and value of it. Any person so refusing shall, upon conviction, be deemed guilty of a misdemeanor and shall be fined in any sum not less than ten dollars ($10.00) and not more than twenty-five dollars ($25.00).
 (6) If the exempt veteran fails to inform the Tax Collector that he is exempt each year by the October 10th payment deadline can he be penalized the 10% under Ark. Stat. Ann. Section 84-1001? (26-36-202)
Ark. Stat. Ann. 84-1001, now codified as A.C.A. 26-36-202, applies to delinquent taxes. The provision for a ten percent (10%) penalty therefore presumes that taxes are due and owing. This statute cannot be relied upon to impose a tax that is otherwise not owing.
A review of the statute providing for the disabled veteran's exemption also reveals the fallacy of this question's factual premise. The disabled veteran must, in accordance with A.C.A.26-3-306(b)(7)(A):
 (f)urnish to the collector a letter from the Veteran's Administration verifying the fact that he is in receipt of special monthly compensation for the loss of, or the loss of the use of, one (1) or more limbs, or total blindness in one (1) or both eyes, or for service connected one hundred percent (100%) total and permanent disability.
It is therefore clear that the Collector will already have been informed of the veteran's exemption under 26-3-306.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.